UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

HEATHER LUNDIE,

    Plaintiff,

v.                                     Civil No. 2:15cv291

SMITH & COHEN, LLC,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This Fair Debt Collection Practices Act ("FDCPA") and Telephone Consumer Protection Act ("TCPA") case is before the court on Plaintiff Heather Lundie ("Lundie" or "Plaintiff")'s Motion for Default Judgment against Defendant Smith & Cohen, LLC, ("Smith & Cohen" or "Defendant"). (ECF No. 9). Plaintiff's Complaint alleges violations of the FDCPA and the TCPA based on Defendant's repeated telephone calls attempting to collect an alleged debt. Smith & Cohen failed to respond. This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons outlined below, the undersigned RECOMMENDS that the court GRANT Plaintiff's Motion for Default Judgment (ECF No. 9), and AWARD $10,829.00 in damages and costs.

1

## I.   **PROCEDURAL HISTORY AND FACTS**

On June 29, 2015, Plaintiff filed her Complaint alleging violations of the FDCPA, 15 U.S.C. § 1692 et seq., and the TCPA, 45 U.S.C. § 227 et seq. (ECF No. 1). Defendant was served with process on August 20, 2015, by personal service on its registered agent, William Heydt, in Delaware pursuant to Va. Code § 13.1-928. See Aff. of Service (ECF No. 6). Smith & Cohen failed to respond or otherwise appear in this action, and on December 12, 2015, Lundie requested entry of default against Smith & Cohen. (ECF No. 7). The clerk of this court entered default on December 15, 2015. (ECF No. 8). Plaintiff's pending motion for default judgment followed on December 18, 2015.[1] (ECF No. 9).

---

[1]   To enter default judgment, the court must have subject matter jurisdiction over the case, personal jurisdiction over the defaulting parties, and venue must also be proper. The court has subject matter jurisdiction over the FDCPA claims pursuant to 15 U.S.C. § 1692k(d), which states that "[a]n action to enforce liability under this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy ... within one year from the date on which the violation occurs." Here, the alleged FDCPA violations occurred less than one year before filing. As to Lundie's TCPA claims, the court has federal-question jurisdiction, as articulated in Mims v. Arrow Financial Servs., LLC, 132 S. Ct. 740 (2012), which held that the TCPA's permissive grant of jurisdiction to state courts does not eliminate federal-question jurisdiction in United States district courts.

The court has personal jurisdiction over the defaulting party - Smith & Cohen - pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and Va. Code § 8.01-328.1(A)(1).

Further, venue is proper in this court pursuant to 28 U.S.C. § 1391 because Plaintiff may bring suit in any district "in which a

2

In Lundie's Complaint, she alleges violations of the FDCPA and the TCPA, stemming from telephone calls Defendant placed to Plaintiff and her family members in an attempt to collect an alleged debt.[2]  Compl. (ECF No. 1).  Starting on November 11, 2014, Defendant through a representative, who identified himself as "Oliver Davis," placed a call to Lundie's cellular telephone to collect the alleged debt.  Id. ¶¶ 9-10.  Lundie asked Davis to stop calling her cellular telephone and explained that the calls were causing her stress because her husband had recently passed away.  Id. ¶ 10.  From November 11 to November 16, 2014, Plaintiff received daily telephone calls regarding the alleged debt.  Id. ¶¶ 9, 13-19.  During one of these calls, Defendant, through its caller, stated that it "would place a lien on her home."  Id. ¶ 11.

On November 17, 2014, Defendant contacted Plaintiff's father and mother-in-law and disclosed the alleged debt in another attempt to collect.  Id. ¶¶ 19-23.  Plaintiff left voicemails for Oliver Davis, Defendant's representative on November 14 and November 17, 2014, asking him to stop calling and informing him that she was represented by a debt settlement company.  Id. ¶¶ 15-16, 23-24.  Defendant again contacted

---

substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391.

[2]  All of the following facts are drawn from Plaintiff's Complaint, and taken as true as a result of Defendant's default.

Plaintiff on her cellular telephone on January 6, January 29, and January 30, 2015. Id. ¶¶ 25-27. The January 30, 2015, call included an automated greeting. Id. Defendant also left a voicemail on Plaintiff's cellular telephone on March 7, 2015, which did not disclose that the communication was from a debt collector. Id. ¶ 28. During this period, Lundie was "diagnosed with anxiety and ankylosing spondylitis, a form of arthritis that affects the spine and large joints," and was prescribed medication for these conditions. Id. ¶¶ 29-30.

Plaintiff now asks the court to enter default judgment and award FDCPA actual damages of $2,000.00, FDCPA statutory damages of $1,000.00, attorney's fees of $2,785.00, court costs of $400.00, service fees of $144.00, and TCPA statutory damages of $9,000.00, for a total of $15,329.00 in damages. Pl.'s Br. (ECF No. 9-1, at 3-4).

## II. ANALYSIS

### A. Default Judgment

#### i. The Legal Standard

Default judgment is appropriate when a defendant "has failed to plead or otherwise defend" against an action and that failure is demonstrated by an affidavit or other filing. Fed. R. Civ. P. 55(a); see also Chafin v. Chafin, 133 S. Ct. 1017, 1025 (2013). After securing entry of default, as Lundie has done here, a plaintiff may move for entry of default judgment.

4

And, where a claim is not for a sum certain, the plaintiff must apply to the court, as opposed to the clerk, for entry of default judgment. Fed. R. Civ. P. 55(b)(2); EMI April Music, Inc. v. White, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009); S. Bank & Trust Co. v. Pride Grp., LLC, No. 2:14CV255, 2015 WL 410726, at *3 (E.D. Va. Jan. 28, 2015). Whether to grant default judgment lies within the sound discretion of the court. See Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953-54 (4th Cir. 1987).

In this case, Smith & Cohen had twenty-one days from the date of service to answer the Complaint.[3]   Fed. R. Civ. P. 12(a)(1)(A). By failing to answer or otherwise respond, Smith & Cohen has admitted "the plaintiff's well-pleaded allegations of fact" in the Complaint. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001); see Fed. R. Civ. P. 8(b)(6). That is, Smith & Cohen has admitted the allegations in the Complaint to the extent that the Complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Pride Grp., LLC, 2015 WL 410726, at *4 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Necessarily then, the court must evaluate the

---

[3]   If a defendant timely waives service pursuant to Rule 4(b) of the Federal Rules of Evidence, he has 60 days after the request of waiver was sent to file a responsive pleading.   Fed. R. Civ. P. 12(a)(1)(A)(ii).   In this case, Smith & Cohen did not waive service.

sufficiency of the Complaint to support the causes of action alleged. See, e.g., id.; Joe Hand Promotions, Inc. v. Citibars, Inc., 2:11cv58, 2012 WL 503212, at *3 (E.D. Va. Feb. 8, 2012) ("[T]he Court must nevertheless determine whether Plaintiff's complaint states a claim upon which relief can be granted.") (citing Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 506 (4th Cir. 1998)).

"Although well-pleaded factual allegations are accepted as true for default judgment purposes, a party who defaults does not admit the allegations in the claim as to the amount of damages." Pride Grp., LLC, 2015 WL 410726, at *4 (citing Fed. R. Civ. P. 8(b)(6)). Thus, where a court finds that entry of default judgment is appropriate as to liability, it must independently calculate the appropriate amount of damages, or other remedy, based on either an evidentiary hearing or affidavits and documents attached to the plaintiff's motion. Ryan, 253 F.3d at 780-81; Anderson, 155 F.3d at 507.

### ii. Fair Debt Collection Practices Act ("FDCPA")

#### a. Liability Under the FDCPA

Lundie's Complaint alleges that Smith & Cohen violated the FDCPA, and accepting as true the well-pleaded factual allegations in her Complaint regarding liability, she establishes a prima facie case under the FDCPA. To succeed on a FDCPA claim, a plaintiff must prove that: "(1) the plaintiff has

been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Diken v. Streich, 369 F. Supp. 2d 781, 784-85 (E.D. Va. 2005) (quoting Fuller v. Becker & Poliakoff, 192 F. Supp. 2d 1361 (M.D. Fla. 2002)).

For the first element, a "consumer debt" is defined as "an obligation or alleged obligation 'to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.'" Finney v. MIG Capital Mgmt., Inc. No. 2:13-2778, 2014 WL 1276159 (S.D. W. Va. Mar. 27, 2014) (quoting 15 U.S.C. § 1692(a)); see Dryden v. Accredited Collection Agency, Inc., No. 3:14-CV-255, 2015 WL 3646649, at *3 (E.D. Va. June 10, 2015). Here, Lundie's Complaint alleges that she is a "consumer" because she is "a natural person allegedly obligated to pay a debt" and "the subject of the transaction [was] primarily for personal, family and/or household purposes." Compl. ¶¶ 32, 34 (ECF No. 1). The second element under the FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due

or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Lundie's Complaint sufficiently alleges that Smith & Cohen is a debt collector because she states that a company representative repeatedly contacted her over the phone and held Smith & Cohen "out to be a company collecting a consumer debt." Compl. ¶¶ 17-30, 33 (ECF No. 1). For the third element, Lundie alleges that Smith & Cohen engaged in "act[s] or omissions[s] prohibited by the FDCPA" that resulted in ten violations of the Act. Id. ¶¶ 31-55. This report will briefly discuss each alleged violation.

First, Lundie alleges that Smith & Cohen violated 15 U.S.C. § 1692b(2) "by communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt." Id. ¶ 37. Second, she argues that Smith & Cohen violated § 1692c(b) of the FDCPA "by communicating with a person other than Plaintiff in connection with the collection of the alleged debt without a proper purpose." Id. ¶ 39. In support of Counts I and II, the Complaint alleges that on November 17, 2014, Smith & Cohen placed calls to Lundie's father and mother-in-law, disclosed that she owed an alleged debt, and attempted to collect the debt from them. Id. ¶¶ 19-22; see also Decl. of Heather Lundie ¶¶ 12-13 (ECF No. 9-3). Based on the factual allegations in Lundie's Complaint and supporting documents, Counts I and II state valid causes of action under the FDCPA.

Third, the Complaint alleges that Smith & Cohen violated § 1692d "by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt." Compl. ¶ 41 (ECF No. 1). Fourth, Lundie argues that Defendant violated § 1692e "by using false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt." Id. ¶ 43. To support this claim, Lundie relies on the totality of Defendant's conduct, including Defendant's repeated telephone calls attempting to collect an alleged debt. Id. ¶¶ 9-30; Decl. of Heather Lundie ¶¶ 4-20 (ECF No. 9-3). Count III and IV sufficiently state violations of § 1692d and § 1692e.

Fifth, Lundie alleges that Smith & Cohen "falsely represent[ed] or impl[ied] that Defendant's representative was an attorney or was communicating on behalf of an attorney" in violation of § 1692e(3). Compl. ¶ 45 (ECF No. 1). As to Count V, Lundie fails to state a claim because her Complaint does not allege that Defendant's representative implied that he was an attorney or represented an attorney. See id.; see also Decl. of Heather Lundie (ECF No. 9-3). Although she fails to state a claim in Count V, Defendant is liable, upon default, under the FDCPA "[b]ecause the FDCPA is a strict liability statute, [and] a consumer need only prove one violation to trigger liability." Valdez v. Arm Wyn, LLC, No. 7:14-CV-00263, 2015 WL 3661102, at

*2 (E.D. Va. June 12, 2015) (quoting Grant-Fletcher v. McMullen & Drury, P.A., 964 F. Supp. 2d 514, 521 (D. Md. 2013)).

Sixth, the Complaint alleges that Defendant violated § 1692e(4) "by representing or implying that nonpayment of the alleged debt would result in ... the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful." Compl. ¶ 47 (ECF No. 1). Seventh, Lundie argues that Smith & Cohen "threaten[ed] to take action that could not legally be taken and/or that was not intended to be taken," violating § 1692e(5). Id. ¶ 49. Eighth, Lundie alleges that Defendant used "a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff." Id. ¶ 51. In support of these claims, Lundie incorporates all of Defendant's conduct, and specifically, she alleges that Defendant stated that it "would place a lien on her home," falsely implying that it would seize her property when it likely did not intend to do so. Id. ¶ 11; Decl. of Heather Lundie ¶ 7 (ECF No. 9-3). As to Counts VI, VII, and VIII, Lundie sufficiently states violations of the FDCPA.

Ninth, the Complaint alleges that Smith & Cohen violated § 1692e(11) "by failing to disclose in every communication with Plaintiff that the communication was from a debt collector." Compl. ¶ 53 (ECF No. 1). Specifically, Lundie alleges that on

10

March 7, 2015, Defendant left a voicemail on her cellular phone and "did not disclose that the communication was from a debt collector." Id. ¶ 28; see also Decl. of Heather Lundie ¶ 16 (ECF No. 9-3). This is sufficient to support Count IX.

Finally, Lundie alleges that Defendant used "an unfair or unconscionable means to attempt to collect the alleged debt," violating § 1692f. Compl. ¶ 55 (ECF No. 1). To support this claim, she alleges that Defendant continued to call her to collect the debt, even after she requested that the calls stop, and the repeated calls caused her stress. Id. ¶ 9-30; Decl. of Heather Lundie ¶¶ 4-20 (ECF No. 9-3). As pled in the Complaint, Defendant's conduct supports Count X.

Thus, Lundie's Complaint, upon default, together with other materials in the record, establishes that Smith & Cohen is liable for nine asserted violations of the FDCPA — that is, Counts I to IV and VI to X — and default judgment against Smith & Cohen is appropriate as to her FDCPA claims.

### b. Actual & Statutory Damages, Attorney's Fees, & Court Costs Under the FDCPA

Having established liability under the FDCPA, Lundie seeks actual damages, statutory damages, and attorney's fees and costs. Under the FDCPA, a plaintiff can recover any actual damages sustained, statutory damages up to $1,000.00, and attorney's fees and costs. 15 U.S.C. § 1692k(a). Actual

damages under the FDCPA may include damages for emotional distress, however, "[c]ourts are 'reluctant to award damages for emotional distress from violations of the FDCPA absent an aggrieved plaintiff receiving mental health treatment or evidence that emotional distress concretely affected a plaintiff's personal or professional life.'" Valdez, No. 7:14-CV-00263, 2015 WL 3661102, at *3 (quoting Leto v. World Recovery Servs., LLC, No. 3:14-CV-00489, 2015 WL 1897060, *4-5 (W.D.N.C. Apr. 27, 2015)); see id. (awarding $1,000.00 in FDCPA actual damages when the plaintiff asked $5,000.00, and the plaintiff did not provide any supporting documentation about her emotional distress); see also Leto, No. 3:14-CV-00489, 2015 WL 1897060, at *2-3 (awarding actual damages of $1,000.00 when the defendant placed two threatening phone calls and caused the plaintiff stress and anxiety that did not result in any mental health treatment).

Lundie seeks $2,000.00 in actual damages for "the aggravation, emotional distress and mental anguish that Smith & Cohen ... caused [her] by constantly calling and harassing [her], as well as [her] family members." Decl. of Heather Lundie ¶ 20 (ECF No. 9-3). She states that Smith & Cohen's "continued collection efforts ... were extremely stressful" and "caused [her] embarrassment because Smith & Cohen disclosed [her] alleged debt to [her] family members." Id. ¶¶ 18-19. Her

declaration also states that she was "diagnosed with anxiety and ankylosing spondylitis, a form of arthritis that affects the spine and large joints," she takes "medication to treat the symptoms associated with [her] medical conditions," her "conditions are aggravated by stress," and Smith & Cohen's repeated calls to collect the alleged debt caused her stress. Id. ¶¶ 17, 18.

To determine an award of actual damages, the Defendant's conduct and the duration of the conduct are relevant.  Here, Smith & Cohen contacted Plaintiff over the course of several months - November 2014, January 2015, and March 2015.  Id. ¶¶ 9-16.  In addition, Smith & Cohen repeatedly violated multiple provisions of the FDCPA, including contacting family members to disclose the debt.  As such, taking Lundie's well-pleaded factual allegations as true, her Complaint and declaration provide support for an award of actual damages.  Based on the emotional distress and stress that Lundie details, including her diagnosed medical condition, this report recommends that the court award $2,000.00 in actual damages, as sought in the Motion and supporting brief.

As to statutory damages, the court may award up to $1,000.00 per suit.  15 U.S.C. § 1692k(a)(2)(A).  To determine the appropriate amount, the relevant factors are "the frequency and persistence of noncompliance by the debt collector, the

nature of such noncompliance, and the extent to which such noncompliance was intentional." Id. § 1692k(b)(1); see Valdez, No. 7:14-CV-00263, 2015 WL 3661102, at *3 (awarding $1,000.00 in statutory damages against a defaulting defendant who called the plaintiff at least three times attempting to collect a debt); Dryden, No. 3:14-CV-255, 2015 WL 3646649, at *6 (awarding $1,000.00 in statutory damages when defaulting defendant placed repeated calls to the plaintiff at her home and place of employment). Here, Smith & Cohen's liability arises from multiple telephone calls placed to Lundie and her relatives in an attempt to collect an alleged debt, despite Lundie's requests that the calls cease. Because Lundie sufficiently proved Smith & Cohen's repeated violations of the FDCPA, the undersigned recommends that the court award Lundie statutory damages of $1,000.00.

The FDCPA also provides that the court may award "the costs of the action, together with a reasonable attorney's fee as determined by the court." Id. § 1692k(a)(3). When a plaintiff prevails in a FDCPA action, attorney's fees are mandatory, however, the court may determine the amount that is reasonable. Carroll v. Wolpoff & Abramson, 53 F.3d 626, 628 (4th Cir. 1995). "To calculate a reasonable attorney's fee, the court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate to determine a 'lodestar' figure."

14

Valdez, No. 7:14-CV-00263, 2015 WL 3661102, at *3. Moreover, the court is not required to "engage in a lengthy discussion concerning what portion of the award is attributable to each factor." Id. (quoting Leto v. World Recovery Serv., LLC, No. 3:14-CV-00489, 2015 WL 1897060 (W.D.N.C. Apr. 27, 2015).

In deciding whether to make an award of attorney's fees, the court considers, among other factors: (1) the motivation of the party from whom an award of attorney's fees and costs is sought, (2) the objective reasonableness of the legal and factual positions advanced, (3) the need in particular circumstances to advance considerations of compensation and deterrence, and (4) any other relevant factor presented. Diamond Star Bldg. Corp. v. Freed, 30 F.3d 503, 505 (4th Cir. 1994) (discussing twelve factors used to determine the reasonableness of an award of attorney's fees); see also Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978); Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Here, according to the declaration of Edrie A. Pfeiffer, Lundie's attorney, his law firm worked a total of 13.4 hours on Lundie's case. Decl. of Edrie A. Pfeiffer (ECF No. 9-2); Billing Rate Table (ECF No. 9-3).

For the 13.4 hours worked, Plaintiff requests $2,785.00 in attorney's fees, $400.00 for the filing fee paid on Lundie's behalf, and $144.00 for service fees. Decl. of Edrie A.

15

Pfeiffer (ECF No. 9-2, at 3). The $2,785.00 in fees is comprised of the hours billed by Edrie Pfeiffer and David Levin, partner attorneys, Danielle McKinley and Jocelyn Hsiao, junior associates, Sarah Heinz and Andrew Van Lahr, law clerks, Amy Catena and Aquanda Thomas, paralegals, and Katie Jezierny, an assistant. See Billing Rate Table (ECF No. 9-4). The rates billed are $400 per hour for the partner attorneys, $250 per hour for the junior associates, $125 per hour for the law clerks and paralegals, and $100 per hour for the assistant. Id. The law firm also paid $400.00 to the clerk of the court for the filing fee and $144.00 in service fees. After reviewing the itemized billing and declaration, as well as fee requests in other FDCPA default judgment cases, the undersigned finds that the figure is reasonable and recommends that the court award $2,785.00 in attorney's fees for all 13.4 hours, plus the requested costs of $400.00 for the filing fee and $144.00 for the service fees. See, e.g., Coles v. Land's Towing and Recovery, Inc., 2010 WL 5300892 (E.D. Va. Dec. 22, 2010) (awarding $3,000.00 in attorney's fees for 11 hours worked, plus $462.50 in costs); Nicholes v. Advanced Credit Mgmt., Inc., 2010 WL 2998625 (D.Md. July 27, 2010) (recommending an award of $3,150.00 in attorney's fees, plus $442.00 in costs).

### iii. Telephone Consumer Protection Act ("TCPA")

#### a. Liability Under the TCPA

Plaintiff's Complaint also alleges that Smith & Cohen violated the TCPA.[4] Compl. ¶¶ 56-65 (ECF No. 1). The TCPA provides that:

> [i]t shall be unlawful for any person ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice —
>
> ...
>
> (iii) to any ... cellular telephone service ... or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(iii). Under this Act, an "automated telephone dialing system" is defined as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." Id. § 227(a)(1). A private right of action arises for violations of § 227(b), which states that:

> "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –

---

[4] Although Lundie's Complaint includes two counts alleging violation of the TCPA – Counts XI and XII – her Motion for Default Judgment and Supporting Brief only reference Count XI. See Compl. ¶¶ 56-65 (ECF No. 1); Pl.'s Mot. Summ. J. (ECF No. 9); Pl.'s Br. (ECF No. 9-1). Counts XI and XII reference the same factual allegations, however, Count XI asks for damages of $500.00 per negligent violation of the TCPA, and Count XII asks for treble statutory damages of $1,500.00 for every "knowing and/or willful violation of the TCPA." Compl. ¶¶ 66, 65 [sic - ¶ 69] (ECF No. 1).

. . .

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater ...

If the court finds that the defendant willfully or knowingly violated this subsection ... the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available.

47 U.S.C. § 227(b)(3). To succeed a claim under the TCPA, a plaintiff must plead and prove that she (1) was called, (2) on a number assigned to a cellular telephone service or on another protected telephone line, and (3) the call was made using an automatic telephone dialing system or prerecorded voice. See 47 U.S.C. § 227(b)(1)(A)(iii). Even if a plaintiff pleads and proves these elements, the calls may be exempted from liability under the TCPA.

The purpose of the TCPA is "to protect individual consumers from receiving intrusive and unwanted calls." Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 268 (3d Cir. 2013) (citing Mims v. Arrow fin. Servs., LLC, 132 S. Ct. 740, 745 (2012)). Congress also gave the Federal Communications Commission ("FCC") the authority to issue orders interpreting the TCPA. See Franasiak v. Palisades Collection, LLC, 822 F. Supp. 2d 320, 325 (W.D.N.Y. 2011) (discussing the FCC's authority to exempt certain calls from the TCPA). Because debt collection calls are often the result of a prior business relationship between the

18

debtor and debt collector, some courts have found that the FCC intended to exempt debt collection calls from liability under the TCPA.  These courts have held that debt collection calls - when the call recipient is the debtor or a non-debtor - are "excluded under either of two exceptions, the ... commercial calls exception" or the "exception for established business relationships."  Franasiak, 822 F. Supp. 2d at 325 (citing 7 F.C.C.R. at 8773); see also Meadows v. Franklin Collection Service, Inc., 414 Fed. Appx. 230, 235 (11th Cir. 2011) ("[T]he [FCC] exemptions apply when a debt collector contacts a non-debtor in an effort to collect a debt.").  But see Iniguez v. The CBE Group, 969 F. Supp. 2d 1241 (E.D. Cal. 2013) (holding that debt collectors are not exempt from liability under the TCPA).

However, other courts have focused on whether the recipient of the debt collection call consented to the debt collector's contact, indicating that a non-debtor - who could not give prior consent - could have a potential claim under the TCPA.  For example, in Gager v. Dell Fin. Servs., LLC, the court held that a consumer, who had previously applied for a line of credit with the debt collector, properly stated a claim against the creditor for violation of the TCPA when the creditor continued calling the consumer, despite her written request that it cease calling.  Gager, 727 F.3d 265.  Moreover, the Fourth

19

Circuit, in a 2014 unpublished opinion, affirmed a Maryland District Court's decision that held a debt collector liable under the TCPA for thirty-seven telephone calls placed to a consumer whose telephone provider charged per-minute for the call. Lynn v. Monarch Recovery Mgmt., Inc., 586 Fed. Appx. 103 (4th Cir. 2014).

In this case, Lundie's Complaint alleges that Smith & Cohen "placed the telephone calls ... to [her] using an 'automated telephone dialing system' ... and/or an 'artificial or prerecorded voice' message." Compl. ¶ 59 (ECF No. 1); see also id. ¶¶ 63-64. To support this assertion, the Complaint states that "Defendant routinely uses an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of business," id. ¶ 61, and at least one telephone call from Defendant included an automated greeting, id. ¶ 27. Lundie's Complaint sufficiently pleads a TCPA claim because she alleges that Smith & Cohen (1) called her on (2) a cellular telephone, and (3) as stated in Lundie's Complaint, which upon default is accepted as factually true, Smith & Cohen used an automatic telephone dialing system and used at least one prerecorded message. C.f. Iniguez, 969 F. Supp. 2d 1241, 1247-48 ("[W]hether or not Defendant's system randomly generated Plaintiff's number is not determinative because the TCPA only requires that the system have that

capacity, not that it was actually utilized with respect to a particular phone call.").

Moreover, Lundie's Complaint and the additional documents in the record establish that Lundie did not give consent to Smith & Cohen's contact. Id. ¶ 62. And, after receiving the first call, she asked Smith & Cohen to stop calling her – which would revoke any prior consent she had given. Id. ¶¶ 9-11. Thus, Smith & Cohen's calls are not exempted from liability under the TCPA. Because Lundie's Complaint states a claim under the TCPA, default judgment against Smith & Cohen is appropriate as to her TCPA claims.

### b. Damages Under the TCPA

The TCPA provides for statutory damages of:

> $500 ... for each violation ... or ... [i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph [that is, $500 times 3]."

47 U.S.C. § 227(3). Lundie's Complaint alleges one instance in which Defendant used a prerecorded message, and she alleges generally that Smith & Cohen used "automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of business." Compl. ¶¶ 27, 61 (ECF No. 1). Although Lundie states a claim

21

for liability under the TCPA, her claim for TCPA damages is not well articulated. See (ECF Nos. 9, 9-1 to 9-4). However, Lundie's lack of specificity as to TCPA damages does not bar her recovery. That is, upon default judgment as to liability, the court must still make an independent calculation as to the appropriate amount of damages. Ryan, 253 F.3d at 780-81; Anderson, 155 F.3d at 507.

In this case, Lundie's Complaint alleges that she received at least nine telephone calls from Smith & Cohen. Compl. ¶¶ 9, 13-14, 17-18, 25-28 (ECF No. 1). Smith & Cohen also contacted her family members at least twice. Id. ¶¶ 19-22. Having stated a claim under the TCPA, Lundie now asks for $9,000.00 in TCPA damages. Pl.'s Br. (ECF No. 9-1, at 4). Based on Smith & Cohen's nine telephone calls to Lundie, even after she requested that the calls stop, this report recommends that the court award $4,500.00 in statutory damages under the TCPA. That is, Lundie is entitled to $500 for each of the nine telephone calls, totaling $4,500.00. See Asher & Simons, P.A. v. j2 Global Canada, Inc., 965 F. Supp. 2d 701, 706-07 (D. Md. 2013) (awarding $500.00 in statutory damages under the TCPA for one unsolicited fax advertisement); Versteeg v. Bennett, DeLoney & Noyes, P.C., 839 F. Supp. 2d 1238, 1241 (D. Wyo. 2011) (awarding treble damages of $3,000.00 for willful and knowing TCPA violations); Charvat v. DFS Servs. LLC, 781 F. Supp. 2d 588

22

(S.D. Ohio 2011) ("The TCPA 'allows for statutory damages on only a per-call basis.' ").

## III. RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the court GRANT Plaintiff's Motion for Default Judgment for her claims under the FDCPA and TCPA (ECF No. 9),[5] and AWARD:

(1) actual damages of $2,000.00 under the FDCPA;

(2) statutory damages of $1,000.00 under the FDCPA;

(3) $2,785.00 in attorney's fees, $400.00 for the filing fee, and $144.00 for service fees under the FDCPA; and

(4) statutory damages of $4,500.00 under the TCPA.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another

---

[5]  Nine violations of the FDCPA are supported by Lundie's Complaint and supporting documents, and Lundie, therefore, sufficiently states claims for Counts I to IV and VI to X. Her failure to state a claim in Count V does not affect the entry of default judgment because one violation of the FDCPA is sufficient to support liability. See Valdez, No. 7:14-CV-00263, 2015 WL 3661102, at *2.

party's objections within fourteen (14) days after being served with a copy thereof.

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the Defendant and to counsel of record for Plaintiff.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

January 26, 2016

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Smith & Cohen, LLC**
C/O Incyourbiz Corp.
Registered Agent
6 Polly Drummond Hill Rd.
Drummond Office Condominium
Newark, DE 19711-5703

A copy of the foregoing was provided electronically this date to:

**Edrie Arlene Pfeiffer**
UpRight Law
372 S. Independence Blvd. Suite 109
Virginia Beach, VA 23452

Fernando Galindo, Clerk

By_____/s/_____
        Deputy Clerk

_____1/26/2016_____, 2016